UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DOLORES M. MORENO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>5:09-CV-123-BG<br>ECF |

**REPORT and RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Dolores M. Moreno is appealing the decision to deny her Social Security disability insurance benefits and supplemental security income by Michael J. Astrue, Commissioner of Social Security. The United States District Judge reassigned this case to the United States Magistrate Judge for all proceedings. Moreno did not consent to the United States Magistrate Judge exercising the jurisdiction of the District Court. Pursuant to the order reassigning this case, the undersigned now files this Report and Recommendation. The court has considered the administrative record, the arguments of the parties, and the applicable law and recommends that the District Court reverse the Commissioner's decision and remand Moreno's case for further administrative proceedings.

**I.   Procedural History**

In November 2003 Moreno filed for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. (Tr. 211-13, 278, 843-45). Moreno suffered from degenerative disk disease, degenerative joint disease, a history of left foot/ankle pain, hypertension, plantar fasciitis, and depression. (*Id.* at 27). The Disability

Determination Service denied Moreno's application initially and upon reconsideration. (*Id.* at 129-35, 143, 145-49). Moreno requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 150). After the hearing ALJ William H. Helsper determined that Moreno was not disabled and therefore not entitled to benefits. (*Id.* at 102-11). Moreno requested review by the Appeals Council, which granted her request for review, vacated the ALJ's decision, and remanded for further proceedings. (*Id.* at 112-15). After the second hearing, ALJ Helsper again found that Moreno was not disabled and entitled benefits. (116-25). Moreno requested review by the Appeals Council, which granted her request for review, vacated the ALJ's decision, and remanded for further proceedings. (*Id.* at 126-28). After the third hearing, ALJ Herbert J. Green found that Moreno was not entitled to a period of disability or disability insurance benefits. (*Id.* at 23-38). Moreno requested review by the Appeals Council, which denied her request for review. (*Id.* at 11-14). Accordingly, ALJ Green's decision denying benefits is under review.

## II.     Facts

At an administrative hearing held on February 19, 2008, Moreno testified that she was 52 years old. (*Id.* at 83). Moreno explained that she stopped attending school after the ninth grade and that she had not passed a General Educational Development test. (*Id.*). Moreno described the pain in her left foot as severe, explaining that it felt like "sticking needles." (*Id.* at 90-91). Moreno stated that she used a cane to help balance herself and to take weight off of her foot. (*Id.* at 91). Moreno testified that she accomplished housework a little bit at a time and that she needed to stop after 30 to 40 minutes to get off of her feet. (*Id.* at 93). Moreno explained that when she went shopping at Wal-Mart she could walk around for about ten minutes before she needed to sit down, then her daughter would finish the shopping for her. (*Id.*).

In his decision the ALJ gave no weight to the opinions of any of Moreno's doctors as to what effects her medical conditions had on her ability to work. (*See id.* at 28-29, 32, 33). The ALJ found that Moreno's subjective complaints were greatly exaggerated and concluded that she was not credible. (*Id.* at 34-35). The ALJ explained that the record showed that Moreno could walk and stand without assistance and that she did not have a limited range of motion. (*Id.* at 34). The ALJ found that Moreno had the residual functional capacity ("RFC") to perform simple light work with the limitation that she stand or walk no more than 6 hours in an 8-hour workday. (*Id.* at 35). The ALJ further stated that "the objective medical evidence of record fails to support a conclusion that the claimant has additional functional limitations as a result of her medically determinable impairments." (*Id.*). Based on the vocational expert's testimony, the ALJ concluded that there were jobs in the national economy that Moreno could perform, and therefore, she was not disabled. (*Id.* at 36-37).

### III. Standard of Review

This court's "review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Moreno v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* (quotation omitted). "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Id.* "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Id.* "The ALJ's decision must stand or fall with the

reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

**IV.    Discussion**

Moreno argues that the ALJ's decision is not supported by substantial evidence because there is no medical opinion evidence in the record that supports the ALJ's RFC determination. Moreno asserts that medical records alone are insufficient to support an RFC determination. Moreno explains that, because the ALJ rejected the opinions of all the medical doctors as to what she could still do, the ALJ impermissibly relied upon his own medical opinion.

A claimant bears the burden of proving that she suffers from a disability. *Moreno*, 415 F.3d at 461. The ALJ uses a five-step sequential analysis to evaluate claims of disability: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1 (April 1, 2009); (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920; *Moreno*, 415 F.3d at 461. The claimant bears the burden of proof on the first four steps. *Moreno*, 415 F.3d at 461. At the fifth step, the Commissioner bears the initial burden of proof, but once the Commissioner shows that the claimant can perform jobs in the national economy, the burden shifts back to the claimant to rebut this finding. *Id.*

Before going from step three to step four, the Commissioner determines the claimant's RFC. *Id.* The RFC "is a determination of the most the claimant can still do despite h[er] physical and

mental limitations and is based on all relevant evidence in the claimant's record." *Id.* at 461-62. The RFC is used at steps four and five of the analysis. *Id.* at 462.

Here, the ALJ found that Moreno was not disabled at step five of the sequential analysis. In determining whether substantial evidence of disability exists, courts should weigh four factors: "(1) objective medical evidence; (2) diagnoses and opinions; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005).

The absence of a medical source statement describing the types of work that a claimant is still capable of performing does not make the record incomplete. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). However, evidence describing the claimant's medical conditions is insufficient to support an RFC determination. *See id.*; *see also Williams v. Astrue*, 355 Fed. Appx. 828, 832 n.6 (5th Cir. 2009) ("In *Ripley*, we held that an ALJ may not–without opinions from medical experts–derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions."). For the ALJ's RFC determination to be supported by substantial evidence, the record must contain evidence of the effects the claimant's medical conditions have on her ability to work. *Ripley*, 67 F.3d at 557.

In *Ripley*, the claimant argued that the ALJ's conclusion that he could do sedentary work was not supported by substantial evidence. *Id.* Although there was no medical source statement, the record showed a four year history of surgery, medical examinations, and complaints of pain. *Id.* The court explained that the vast amount of medical evidence established that the claimant had a back problem, but it did not establish what effect the back problem had on the claimant's ability to

5

work. *Id.* The court noted that reports on the extent of the claimant's injuries did not substantially support the ALJ's determination because "[w]ithout reports from qualified medical experts," the court was unable to determine the effects of the claimant's conditions on his ability to work. *Id.* at 557-58 n.27.

In this case the ALJ found that Moreno could walk and stand without assistance and that she had a full range of motion, which is supported by the record. (Tr. 34, 545). The ALJ also found that Moreno could walk or stand for six hours in an eight-hour workday, but there is no evidence that was credited by the ALJ that describes how long Moreno could walk or stand. (*See id.* at 35, 545). Thus, "the ALJ impermissibly relied on his own medical opinions" to determine the effects Moreno's conditions had on her ability to work. *Williams*, 355 Fed. Appx. at 832. Accordingly, the ALJ's RFC determination was not supported by substantial evidence. *Ripley*, 67 F.3d at 557. Therefore, the district court should reverse the Commissioner's decision and remand for further proceedings. *Moreno*, 415 F.3d at 461.

## V. Recommendation

The district court should find that the ALJ's RFC determination was not supported by substantial evidence. Accordingly, the Commissioner's decision that Moreno was not disabled and not entitled to benefits should be reversed and this case should be remanded for further proceedings.

## VI. Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: June 30, 2010.

NANCY M. KOENIG
United States Magistrate Judge